UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF FLORIDA (Miami)

In re:

CABI DOWNTOWN, LLC,                     Case No.: 09-27168-LMI
       Debtor.                              Chapter 11


SHERRY ABRAMSON, et al.,
(See list of Condo Purchasers attached as Ex. A)
       Plaintiffs,

v.                                      Adversary No.:

CABI DOWNTOWN, LLC (EVERGLADES
ON THE BAY NORTH AND EVERGLADES
ON THE BAY SOUTH Condominium),
SIEGFRIED, RIVERA, LERNER, DE LA TORRE
& SOBEL, P.A., BANK OF AMERICA, N.A.,
       Defendants.
_____/

## ADVERSARY COMPLAINT – DEMAND FOR RETURN OF CONDO PURCHASERS' DEPOSITS

SHERRY ABRAMSON and the Plaintiffs listed on attached as Exhibit A (**Condo Purchasers**) file this Adversary Complaint seeking declaration that the amount of money being held in escrow for each Condo Purchaser belongs to each Condo Purchaser free and clear of any claim or interest of the debtor and that they are entitled to have that money released to them by the Escrow Agent, that they are summarily entitled to the release

to them of the amount of the held in escrow which is in excess of 15% of the purchase price for each Condo Purchasers' units and for declaration of an equitable lien against real property owned by the debtor:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U.S.C. sections 157, 1331, 1334, 2201, and 2202.

2. Venue is appropriate under 28 U.S.C. §1391 in that the specific acts giving rise to this litigation arose in this District and division thereof.

## PARTIES

3. The Condo Purchasers are purchasers of condominium units at EVERGLADES ON THE BAY NORTH AND EVERGLADES ON THE BAY SOUTH from the CABI DOWNTOWN, LLC. (**Debtor or Developer**). The Developer is a corporation conducting business in MIAMI-DADE County, Florida with its principal address at 19950 W. Country Club Dr., Suite 900, Aventura, FL.

4. SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A. is a Miami based law firm acting as escrow agent and holding funds belonging to the Condo Purchasers against which the debtor asserts a claimed contingent interest.

5. BANK OF AMERICA, N.A., is a national bank which has a mortgage on the real property owned by the debtor.

## FACTS

6. At all times relevant hereto, the Developer marketed and sold to the Condo Purchasers condominium units and percentage ownership of common area facilities at EVERGLADES ON THE BAY NORTH AND EVERGLADES ON THE BAY SOUTH before the building was constructed. A copy of Plaintiff, Sherry Abramson's contract is attached as Exhibit "B" as an exemplar, all Condo Purchasers' contracts are identical in language and full copies of all Condo Purchasers' contracts (hereinafter the "**Contracts**") are in possession of Debtor.

7. EVERGLADES ON THE BAY NORTH AND EVERGLADES ON THE BAY SOUTH are condominiums compromising more than 100 condominium units and percentage ownership of the common area facilities.

8. In accordance with the Contracts, Condo Purchasers were required to put a minimum of twenty percent (20%) of the purchase price as is set forth in the attached EX A which contains the each Plaintiff's name, unit number, the amounts of their deposits as well as the amounts of their deposits remaining in escrow..

9. The Contracts further allowed the Developer to remove the amount over 10% of the purchase price from escrow for each of the Condo Purchasers units to be used for "construction purposes."

10. Currently, the remainder of Condo Purchasers' deposits (i.e. at least 10% of the total purchase price) is still being held in the escrow accounts on the grounds that rights to the funds are in controversy.

11. A Complaint was filed in the Eleventh Judicial Circuit (*Sherry Abramson, etc., et al. v. Cabi Downtown, etc. et al.*, Case No. 08-60032-CA-06) on October 6, 2008, claiming, among other things, that the Contracts provide that if the Condo Purchasers fail to close, the Condo Purchasers are entitled to the return of the amount of the deposit in excess of 15% of the purchase price.

12. Condo Purchasers have retained the undersigned counsel and are obligated to pay them a reasonable fee for which the Developer is obligated pursuant to the terms of the contracts.

### COUNT I – IMMEDIATE RELEASE OF AMOUNT OF THE DEPOSIT IN EXCESS OF 15% OF THE PURCHASE PRICE.

Condo Purchasers hereby incorporate paragraphs 1 – 12 as fully set forth herein and further state:

13. Condo Purchasers have an immediate and actual need for need for a declaratory judgment based on an actual controversy between the parties having adverse legal interest.

14. Condo Purchasers paid deposits in the amount of twenty percent (20%) or more of the Purchase Price.

15. Condo Purchasers' contracts state:

> "If Purchaser defaults after fifteen percent (15%) of the Purchase Price (exclusive of interest) has been paid, Seller will refund to the Purchaser any amount which remains from those payments Purchaser actually made, after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest." *See*, Contracts at ¶13.

16. All Condo Purchasers were called to close and failed to close and were placed in default by the Developer.

17. Thus, the fact that Condo Purchasers are due back twenty-five percent (25%) of their deposits NO MATTER WHAT is without legitimate dispute.

18. Therefore, the amount of the deposit in excess of 15% of the purchase price of Condo Purchasers' deposits do not fall under 11 U.S.C. §541 as property of the estate of the Developer as the has no claim to this money.

19. Condo Purchasers need a declaration that the Developer has no claim to this amount and an order directing the escrow agent to remit this amount to the Condo Purchasers.

WHEREFORE, Condo Purchasers request a declaration that the amount of the deposit in excess of 15% of the purchase price of each of Condo Purchasers' deposit should not be included in the Developers' bankruptcy estate and an Order directing the escrow agent to immediately return this portion of the deposits to each Condo Purchaser as well as any other relief this Court deems just and proper.

### COUNT II - DEVELOPER FAILED TO PROVIDE A DISCLOSURE SUMMARY IN VIOLATION OF FLORIDA STATUTES §720.401(1)(a)

Condo Purchasers hereby incorporate paragraphs 1 – 12 as fully set forth herein and further state:

20. Defendant, CABI DOWNTOWN, LLC established a Master Association which governs the development.

21. In order for a Master Association to be a condominium association, the declaration of condominium must follow the terms described in Florida Statutes §718.104(4)(g)-(l) and it must be governed by Florida Statutes §718.111.

22. The Master Association fails under both these statutes. Therefore, it is not a condominium association governed by Florida Statutes §718.

23. Florida Statutes §720.401(1)(a) specifically provides that "A prospective parcel owner in a community must be presented a disclosure summary before executing the contract for sale."

24. The Developer did not present Condo Purchasers with a disclosure summary in the form required by §720.401 before executing the contracts for sale.

25. Florida Statutes §720.401(1)(c) provides:

> "If the disclosure summary is not provided to a prospective purchaser before the purchaser executes a contract for the sale of property governed by covenants that are subject to disclosure pursuant to this section, the purchaser may void the contract by delivering to the seller or the seller's agent or representative written notice canceling the contract within 3 days after receipt of the disclosure summary or prior to closing, whichever occurs first. This right may not be waived by the purchaser but terminates at closing."

26. Condo Purchasers have never been provided with a disclosure summary in the form required by §720.401 from the Developer and have not closed on the units.

27. Condo Purchasers have demanded cancellation of the contract and the return of their deposits and the defendant developer refuses to comply.

28. In *F&I Properties, Inc. v. Veranda Condominium I, LLC*, Case No. 07-14878, the 17th Circuit Court found that the Developer was not exempt from disclosure under Florida Statutes §720.401 simply because the Unit is also part of a condominium. A copy of that Order Granting Summary Judgment is attached hereto as Exhibit "C". *See also*, Order on Motion to Dismiss Amended Complaint (Exhibit "D") in this matter in which Eleventh Circuit stated that the Condo Purchasers may void the Contracts if it was determined by the finder of fact that the apparent noncompliant language of the contract was in fact noncompliant with Fla. Stat. §720.401. In *Bittan v. Cabi Developers*, Circuit Court Miami Dade County Case No. 08-4978-CA-25, the trial court denied a motion to dismiss and found that the Debtor failed to comply with Florida Statute §720.401 and was not exempt from that statute and that Condo Purchasers that were not give a disclosure documents in accordance with Florida Statute §720.401 had the right to revoke the contract.

29. Accordingly, the Developer has no claim against the funds held in escrow and this court should order the escrow agent to return all of the funds held for the Condo Purchasers over to them.

WHEREFORE, Condo Purchasers respectfully request of this Honorable Court enter judgment holding that Developer has no claim against the funds held in escrow and this court should order the escrow agent to return all of the funds held for the Condo Purchasers over to them for the Developer's failure to provide Condo Purchasers with a disclosure summary in violation of Florida Statutes §720.401(1)(a)

## COUNT III - IMPROPER USE OF ESCROW DEPOSIT

Condo Purchasers hereby incorporate paragraphs 1 – 12 as fully set forth herein and further state:

30. The contract between the Condo Purchasers and the Defendant, CABI DOWNTOWN, LLC provides that the Developer may utilize the amount of the deposit paid in excess of 10% of the purchase price for construction purposes.

31. Florida Statutes §718.202 provides that if the developer uses any of the deposit money for purposes other than construction purposes such as salaries, commissions of sales personnel, or advertising, that Plaintiff is entitled to the return of the deposit.

32. Pursuant to Florida Statutes §718.202, Condo Purchasers have the right to the return of the deposit plus interest in the event that the Defendant developer used any of the deposit money for non-construction uses.

33. The only way for the Condo Purchasers to determine if the deposit money was used for a purpose other than construction or was commingled in an account used to pay for anything other than construction is to conduct discovery.

34. Upon information and belief the Developer may have commingled the deposit money into accounts used for both construction and payment of non-construction expenses such as salaries, commissions, advertising or other non-construction uses.

WHEREFORE, Condo Purchasers seek an order declaring that the Condo Purchasers validly revoked the contracts pursuant to §718.202 enter judgment holding that Developer has no claim against the funds held in escrow and this court should order the escrow agent to return all of the funds held for the Condo Purchasers over to them

## COUNT IV - BREACH OF CONTRACT – RESCISSION FOR MATERIAL AND ADVERSE CHANGES

Condo Purchasers hereby incorporate paragraphs 1 – 12 as fully set forth herein and further state:

35. The Contract states:

"THIS AGREEMENT IS ALSO VOIDABLE BY PURCHASER BY DELIVERING WRITTEN NOTICE OF THE PURCHASER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE PURCHASER. ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT."

36. The Defendant, CABI DOWNTOWN, LLC implemented amendments, which materially altered or modified the original offering to Condo Purchasers, in a manner which is both material and adverse to the interest of Condo Purchasers.

37. The amendments include: increases to the budget, increases to the monthly assessments, change in the ownership of the common elements of the condominium, the implementation of a rental program, changes to the building and condos and changes in the way the building is going to be insured.

38. Condo Purchasers timely revoked the contract.

39. The Developer refused to return to deposit and is therefore in breach of the contract and no longer has a valid claim against the funds in escrow.

WHEREFORE, for the above-stated reasons, the Condo Purchasers, pray this court enter judgment holding that Developer has no claim against the funds held in escrow and this court should order the escrow agent to return all of the funds held for the Condo Purchasers over to them

## **COUNT V – BREACH OF CONTRACT – FAILURE TO PROVIDE MARKETABLE TITLE**

Condo Purchasers hereby incorporate paragraphs 1 – 12 as fully set forth herein and further state:

40. Paragraph 10 of the Parties' Contract states, in pertinent part:

> *Seller promises that the title Purchaser will receive at closing will be good, marketable and insurable…*

41. Moreover, paragraph 10(b) of the Parties' Contract states, in pertinent part:

> *If Seller cannot or elects not to correct the title defects, Purchaser . . . can cancel this Agreement and receive a full refund of Purchaser's deposits.*

42. The Developer notified the Condo Purchasers that they were scheduled to close on their condominium units.

43. At the time the Condo Purchasers were called for closing and their Contracts terminated by the developer, the Developer could not convey clear and marketable title to the Condo Purchasers because there were judgments and unpaid liens against the Condominium.

44. The developer cancelled the Contracts, which is what the Condo Purchasers had asked for. However since at the time of cancellation, the developer was in breach for failure to correct the defects in title within a reasonable amount of time, the developer has no claim against the funds in escrow.

45. Condo Purchasers had the right to accept defective title or to cancel the Contracts and get their deposits back.

46. Condo Purchasers elect to have their deposits returned.

47. The Condo Purchasers demanded the return of their deposited funds, but the Developer has failed to comply.

48. As a result of the Developer's breach, the developer has no claim against the funds in escrow.

WHEREFORE, for the above-stated reasons, the Condo Purchasers, pray this court enter judgment holding that Developer has no claim against the funds held in escrow and this court should order the escrow agent to return all of the funds held for the Condo Purchasers over to them

## COUNT VI –EQUITABLE LIEN

Condo Purchasers hereby incorporate paragraphs 1 – 12 as fully set forth herein and further state:

49. The Condo Purchasers' deposit money was obtained pursuant to a void and/or voidable and illegal contract and/or validly rescinded contract.

50. Some and/or all of the Condo Purchasers' deposits in excess of 10% was used to construct the Condominium unit and building.

51. The Condo Purchasers' deposit money was used to improve the property that the Lender has a lien on for the Lender's benefit. The Developer can not provide marketable title and the Condo Purchasers elected not to close without marketable title.

52. Condo Purchasers are entitled to an equitable lien imposed against the unit and building for the amount of the deposit used to construct the unit and building and for prejudgment interest at the legal rate.

53. Condo Purchasers' equitable lien is superior to the Lender's construction loan because the Lender had actual knowledge that Consumers' deposits were used to construct the building and this was a condition of the Lender agreement to furnish the construction loan.

WHEREFORE, the Condo Purchasers respectfully request that this Honorable Court enter an order imposing an equitable lien against the CONDOMINIUM property for the amount of the deposit used to construct the building and for prejudgment interest at the legal rate and for all other relief this Court deems just including a declaration that the equitable lien is superior to any mortgage lien of the Lender.

> By: ___/s Robert Cooper ____
> Robert H. Cooper P.A.
> 2999 N.E. 191 St. Suite 900
> Miami, Fl. 33180
> 305-792-4343
> 305-792-0200 (fax)
> robert@rcooperpa.com
> Fla. Bar No. 0650323

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **October 5, 2009** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By: __/s Robert Cooper_____
> Robert H. Cooper P.A.
> 2999 N.E. 191 St. Suite 900
> Miami, Fl. 33180
> 305-792-4343
> 305-792-0200 (fax)
> robert@rcooperpa.com
> Fla. Bar No. 0650323